IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:02-CV-135-H(4)

PETER M. WENDT,

     Plaintiff,

v.

DARLENE LEONARD, individual,
RALPH THOMAS, JR., individual,
JOHN DOES, individually,
SEATOW SERVICES OF CARTERET
COUNTY, INC., and
JARRETT BAY BOAT WORKS, INC.,

     Defendants.

**ORDER**

This matter is before the court on defendants' motions for sanctions pursuant to Fed. R. Civ. P. 11. Plaintiff's time for response has lapsed and this matter is ripe for adjudication.

Plaintiff filed this *pro se* action on September 3, 2002 alleging that his constitutional rights were violated as a result of enforcement actions taken against him for failure to pay various taxes. Plaintiff sought relief under 42 U.S.C. §§1983, 1985, 1986. In an order filed October 23, 2002, this court dismissed plaintiff's claims pursuant to the Tax Injunction Act, 28 U.S.C. §1341, and on the grounds that plaintiff's complaint failed to state a claim for which relief may be granted. The court has held this matter open to consider defendants' motions for sanctions. Defendants filed their motions for sanctions and attorney's fees

pursuant to Rule 11 following the court's order.

The court has concluded that sanctions pursuant to Rule 11 would be improper in this case. Defendants' motions for sanctions were filed after this court's adjudication on October 23, and plaintiff was therefore denied the "safe harbor" period contemplated by Rule 11(c)(1)(A).

However, the court finds that defendants' motions and the record in this case establish a basis for an award of reasonable attorney's fees pursuant to 42 U.S.C. §1988. This statute provides that "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. §1988. It is clear in this case that defendants were the prevailing party, in that this action was dismissed in its entirety. Young v. Annarino, 123 F.Supp.2d 943, 944 (W.D.N.C. 2000). Thus, the court may shift attorney's fees to plaintiff as part of costs of this action if it finds "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978); see also DeBauche v. Trani, 191 F.3d 499, 510 (4th Cir. 1999).

The court finds that this standard of frivolity and unreasonableness is met in this case. Although plaintiff proceeded

2

*pro se* in this action, the record reflects that he is no stranger to litigation. Plaintiff has filed actions to avoid the payment of taxes on several occasions in state court, always without avail. He instituted this action only after having his state actions rejected. A cursory investigation of plaintiff's claims in this case revealed that the injunctive relief he sought was clearly barred by the Tax Injunction Act, *supra*. See <u>Werch v. City of Berlin</u>, 673 F.2d 192 (7th Cir. 1982). Furthermore, the facts alleged in his complaint merely described the standard procedure in which North Carolina officials go about enforcing tax judgements. <u>See</u> N.C. Gen. Stat. §105-241.1 <u>et seq.</u> As stated in this court's previous order, such procedures have been found to be entirely constitutional. <u>See</u> <u>McKesson Corporation v. Division of Alcoholic Beverages and Tobacco</u>, 496 U.S. 18, 39-40; <u>Swanson v. State</u>, 335 N.C. 674, 684-92, 441 S.E.2d 537, 543-47 (1994). Plaintiff's complaint alleged no facts suggesting that defendants deviated from these procedures in an unconstitutional fashion. Given plaintiff's previous failures in state court, it was entirely unreasonable for him to initiate a similar proceeding here (particularly in light of the Tax Injunction Act). The court finds that plaintiff should have known that this action was frivolous.

For the foregoing reasons, the court DENIES defendants' motions for sanctions pursuant to Fed. R. Civ. P. 11. However, the court concludes that the award of attorney's fees pursuant to 42

3

U.S.C. §1988 is appropriate. The defendants are directed to submit their proposed fees by February 28, 2003. Plaintiff will have 10 days thereafter to respond.[1]

This 7th day of February, 2003.

MALCOLM J. HOWARD
United States District Judge

At Greenville, NC
#3

---

[1] The court is aware that plaintiff has appealed this court's October 23 ruling. While an appeal usually deprives a district court of jurisdiction over an action, established precedent clearly permits fee shifting under §1988 even after a notice of appeal. See White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 452-54 (1982); Langham-Hill Petroleum, Inc. v. Southern Fuels Co., 813 F.2d 1327, 1330-31 (4th Cir. 1987). Similarly, the time constraints of Fed. R. Civ. P. 59(e) do not apply to fee shifting under §1988. Arceneaux v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 767 F.2d 1498, 1503 (11th Cir. 1985).

4